**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

OPTERNATIVE, INC.,

                  Plaintiff,

    - against -

JAND, INC., d/b/a/ WARBY PARKER,

                  Defendant.

Case No. 17 Civ. 6936 (JFK) (SN)

## WARBY PARKER'S ANSWER TO OPTERNATIVE, INC.'S AMENDED COMPLAINT

Defendant JAND, Inc., d/b/a Warby Parker, by and through its undersigned counsel, hereby answers the Amended Complaint filed by Plaintiff Opternative, Inc. ("Plaintiff," "Opternative," or "Visibly") in the above-captioned action. Warby Parker denies the allegations of the Amended Complaint to the extent such allegations are not expressly admitted in the following paragraphs.

## PARTIES

1.    Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and thus denies those allegations.

2.    Warby Parker admits that it is a corporation organized and existing under the laws of Delaware. Warby Parker admits that it formerly had a principal place of business at 161 Avenue of the Americas, New York, NY 10013. Warby Parker denies any and all remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.    Warby Parker states that the allegations in Paragraph 3 contain legal conclusions that require no answer. To the extent an answer is required, Warby Parker admits that the Court

has subject matter jurisdiction over the claim for misappropriation of trade secrets under the Defend Trade Secrets Act and the claim for correction of inventorship under the Patent Act. Warby Parker denies any and all remaining allegations in Paragraph 3.

4.     Warby Parker states that the allegations in Paragraph 4 contain legal conclusions that require no answer. To the extent an answer is required, Warby Parker admits that the Court presently has subject matter jurisdiction over the claim for breach contract, the claim for misappropriation of trade secrets under New York law, and the claim for unfair competition under New York law. Warby Parker denies any and all remaining allegations in Paragraph 4, and Warby Parker reserves the right to challenge subject matter jurisdiction over the state law claims in the event the federal law claims are dismissed.

5.     Warby Parker states that the allegations in Paragraph 5 contain legal conclusions that require no answer. To the extent an answer is required, Warby Parker does not contest that, for purposes of this action only, the Court has personal jurisdiction over Warby Parker. Warby Parker admits that it resides in and has its corporate headquarters in this judicial district, and it has regularly conducted business in this district. Warby Parker admits that it consented to jurisdiction in the courts of New York City for claims arising under the non-disclosure agreements attached as Exhibits A, L, and CC to the Amended Complaint ("the NDAs"). Warby Parker denies any and all remaining allegations in Paragraph 5.

6.     Warby Parker states that the allegations in Paragraph 6 contain legal conclusions that require no answer. To the extent an answer is required, Warby Parker does not contest, for purposes of this action only, that the Court has personal jurisdiction over Warby Parker and that venue is proper in this district as to Warby Parker. Warby Parker admits that it consented to venue

in the courts of New York City for claims arising under the NDAs. Warby Parker denies any and all remaining allegations in Paragraph 6.

## BACKGROUND

7.      Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and thus denies those allegations.

8.      Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and thus denies those allegations.

9.      Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and thus denies those allegations.

10.      Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and thus denies those allegations.

11.      Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and thus denies those allegations.

12.      Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and thus denies those allegations.

13.      Denied.

14.      Warby Parker admits that in 2013, Opternative and Warby Parker discussed Opternative's online refraction system and a potential business relationship.  Warby Parker further admits that Warby Parker entered into a non-disclosure agreement, effective May 2, 2013, attached to the Amended Complaint as Exhibit A, which contained the language quoted in Paragraph 14 of the Amended Complaint. Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Opternative's intentions. Warby Parker denies any and all remaining allegations in Paragraph 14.

15.     Warby Parker states that the allegations in Paragraph 15 contain legal conclusions that require no answer. To the extent that an answer is required, Warby Parker admits that the non-disclosure agreement attached to the Amended Complaint as Exhibit A contains the language quoted in Paragraph 15, appearing under the title, "Termination." Warby Parker denies any and all remaining allegations in Paragraph 15.

16.     Warby Parker admits that Optervative began providing Warby Parker with information, including attempts to demonstrate its software, in 2013. Warby Parker denies any and all remaining allegations in Paragraph 16.

17.     Denied.

18.     Admitted.

19.     Admitted.

20.     Warby Parker states that the allegations in Paragraph 20 contain legal conclusions that require no answer. To the extent that an answer is required, Warby Parker denies any and all allegations in Paragraph 20.

21.     Warby Parker states that the allegations in Paragraph 21 contain legal conclusions that require no answer. To the extent that an answer is required, Warby Parker admits that the proposed non-disclosure agreement attached to the Amended Complaint as Exhibit E contains the language quoted in Paragraph 21. Warby Parker denies any and all remaining allegations in Paragraph 21.

22.     Warby Parker states that the allegations in Paragraph 22 contain legal conclusions that require no answer. To the extent that an answer is required, Warby Parker denies any and all allegations in Paragraph 22.

23.     Warby Parker states that the allegations in Paragraph 23 contain legal conclusions that require no answer. To the extent that an answer is required, Warby Parker denies any and all allegations in Paragraph 23.

24.     Warby Parker admits that the proposed non-disclosure agreement attached to the Amended Complaint as Exhibit E does not include language prohibiting independent development by employees of a Recipient who have been exposed to the Discloser's Confidential Information. Warby Parker denies any and all remaining allegations in Paragraph 24.

25.     Warby Parker admits that the email attached as Exhibit F to the Amended Complaint purports to be from Aaron Dallek, is dated August 14, 2014, and contains the language quoted in Paragraph 25.  Warby Parker denies any and all remaining allegations in Paragraph 25.

26.     Warby Parker admits that the email attached as Exhibit G to the Amended Complaint purports to be from Aaron Dallek, is dated August 15, 2014, and contains the language quoted in Paragraph 26.  Warby Parker denies any and all remaining allegations in Paragraph 26.

27.     Admitted.

28.     Warby Parker admits that the email attached to the Amended Complaint as Exhibit I purports to be from Aaron Dallek, is dated August 15, 2014, and contains the language quoted in Paragraph 28.  Warby Parker denies any and all remaining allegations in Paragraph 28.

29.     Denied.

30.     Admitted.

31.     Denied.

32.     Warby Parker admits that Opternative provided the document attached as Exhibit J to the Amended Complaint on or about August 18, 2014, and that the document contains the

language quoted in Paragraph 32. Warby Parker denies any and all remaining allegations in Paragraph 32.

33.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and thus denies those allegations.

34.     Warby Parker admits that the document attached as Exhibit J to Amended Complaint contains the language quoted in Paragraph 34. Warby Parker denies any and all remaining allegations in Paragraph 34.

35.     Warby Parker admits that Opternative provided Warby Parker with correspondence among Opternative's counsel, an employee of Opternative, and an employee of the FDA.  Warby Parker denies any and all remaining allegations in Paragraph 35.

36.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and thus denies those allegations.

37.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and thus denies those allegations.

38.     Warby Parker admits that Dave Gilboa visited Opternative's Chicago offices on September 12, 2014. Warby Parker denies any and all remaining allegations in Paragraph 36.

39.     Warby Parker states that the non-disclosure agreement attached to the Amended Complaint as Exhibit L states that it was entered into on September 3, 2014. Warby Parker denies any and all remaining allegations in Paragraph 39.

40.     Warby Parker states that the non-disclosure agreement attached to the Amended Complaint as Exhibit L contains the language quoted in Paragraph 40. Warby Parker denies any and all remaining allegations in Paragraph 40.

41.     Warby Parker states that the non-disclosure agreement attached to the Amended Complaint as Exhibit L contains the language quoted in Paragraph 41. Warby Parker denies any and all remaining allegations in Paragraph 41.

42.     Warby Parker admits that Opternative provided Warby Parker with information, including demonstrations of its online refraction system. Warby Parker denies any and all remaining allegations in Paragraph 42.

43.     Warby Parker states that the non-disclosure agreement attached to the Amended Complaint as Exhibit L contains the language quoted in Paragraph 43. Warby Parker denies any and all remaining allegations in Paragraph 43.

44.     Denied.

45.     Warby Parker admits that the email purportedly from Aaron Dallek attached to the Amended Complaint as Exhibit M states that a next step to "move our partnership forward" would be to "send 5–10 people a secure link to the exam and get direct feedback from each person via a short 20–30 minute call." Warby Parker denies any and all remaining allegations in Paragraph 45.

46.     Warby Parker admits that the email from Molly Rhodes attached as Exhibit N to the Amended Complaint identifies the individuals listed in Paragraph 46, and that Erin Collins was added to the list. Warby Parker denies any and all remaining allegations in Paragraph 46.

47.     Warby Parker admits that the email from Molly Rhodes attached to the Amended Complaint as Exhibit N contains the language quoted in Paragraph 47. Warby Parker denies any and all remaining allegations in Paragraph 47.

48.     Warby Parker admits that the email from Molly Rhodes attached to the Amended Complaint as Exhibit N contains the language quoted in Paragraph 48. Warby Parker denies any and all remaining allegations in Paragraph 48.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Warby Parker admits that certain of its employees received emails with purported links to an Opternative test in or around February 2015. Warby Parker denies any and all remaining allegations in Paragraph 52.

53.    Warby Parker admits that certain of its employees viewed or attempted to view Opternative's test in or around February and March of 2015. Warby Parker denies any and all remaining allegations in Paragraph 53.

54.    Denied.

55.    Warby Parker admits that Aaron Dallek visited Warby Parker's offices on March 19, 2015 and that the email attached to the Amended Complaint as Exhibit O contains the language quoted in Paragraph 55. Warby Parker denies any and all remaining allegations in Paragraph 55.

56.    Warby Parker admits that the correspondence attached to the Amended Complaint as Exhibit P purports to be from Aaron Dallek, is dated April 3, 2015, and contains the language quoted in Paragraph 56. Warby Parker denies any and all remaining allegations in Paragraph 56.

57.    Warby Parker admits that Opternative sent Warby Parker a memorandum on or about March 20, 2015; details on Opternative's operating expenses on or about April 28, 2015; and a report on its clinical trials on or about June 24, 2015. Warby Parker denies any and all remaining allegations in Paragraph 57.

58.    Warby Parker admits that the email from Molly Rhodes attached to the Amended Complaint as Exhibit T contains the language quoted in Paragraph 58. Warby Parker denies any and all remaining allegations in Paragraph 58.

59.     Denied.

60.     Warby Parker admits that it requested that Opternative participate in an independent study conducted by an Institutional Review Board ("IRB") of several remote vision testing technologies. Warby Parker denies any and all remaining allegations in Paragraph 60.

61.     Denied.

62.     Warby Parker admits that Opternative sent its IRB study precis to Warby Parker on or about April 14, 2015 and suggested that Warby Parker join Opternative's IRB study. Warby Parker also admits that it developed and conducted its own IRB study. Warby Parker denies any and all remaining allegations in Paragraph 62.

63.     Warby Parker admits that Molly Rhodes discussed with Andy Leventhal the IRB study. Warby Parker denies any and all remaining allegations in Paragraph 63.

64.     Denied.

65.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and thus denies those allegations.

66.     Admitted.

67.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and thus denies those allegations.

68.     Warby Parker admits that an email purporting to be from Aaron Dallek was sent on May 2, 2015. Warby Parker denies any and all remaining allegations in Paragraph 68.

69.     Warby Parker admits that Docket Number 27-2 contains an email purporting to be from Aaron Dallek to Dave Gilboa on May 2, 2015, and that email contains the text quoted in Paragraph 69. Warby Parker denies any and all remaining allegations in Paragraph 69.

70.     Warby Parker admits that Docket Number 27-2 contains an email purporting to be from Aaron Dallek to Dave Gilboa on May 2, 2015, and that that email contains the text quoted in Paragraph 70. Warby Parker denies any and all remaining allegations in Paragraph 70.

71.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and thus denies those allegations.

72.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and thus denies those allegations.

73.     Warby Parker admits that Docket Number 27-2 contains an email purporting to be from Aaron Dallek to Dave Gilboa on May 2, 2015, and that email contains the text quoted in Paragraph 73. Warby Parker denies any and all remaining allegations in Paragraph 73.

74.     Warby Parker admits that Dave Gilboa emailed Aaron Dallek on May 2, 2015 at 8:34 p.m., as reflected in Docket Number 27-2. Warby Parker denies any and all remaining allegations in Paragraph 74.

75.     Warby Parker admits that Mr. Gilboa's email to Aaron Dallek on May 2, 2015 at 8:34 p.m., appearing in Docket Number 27-2, contains the text quoted in Paragraph 75. Warby Parker denies any and all remaining allegations in Paragraph 75.

76.     Warby Parker admits that the April 30, 2015 Wall Street Journal article contained the language quoted in Paragraph 76. Warby Parker denies any and all remaining allegations in Paragraph 76.

77.     Denied.

78.     Warby Parker admits that Mr. Gilboa's email to Aaron Dallek on May 2, 2015 at 8:34 p.m., appearing in Docket Number 27-2, contains the text quoted in Paragraph 78. Warby Parker denies any and all remaining allegations in Paragraph 78.

– 10 –

79.     Warby Parker admits that Mr. Gilboa's email to Aaron Dallek on May 2, 2015 at 8:34 p.m., appearing in Docket Number 27-2, does not expressly state that Warby Parker was developing a remote refraction system. Warby Parker denies any and all remaining allegations in Paragraph 79.

80.     Denied.

81.     Denied.

82.     Warby Parker admits that Mr. Gilboa's email to Mr. Dallek on May 2, 2015, appearing in Docket Number 27-2, refers to "further testing of [Opternative's] latest exam" and "a testing protocol we are both comfortable with." Warby Parker denies any and all remaining allegations in Paragraph 82.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and thus denies those allegations.

88.     Warby Parker admits that Docket Number 27-2 contains an email purportedly from Aaron Dallek to Dave Gilboa on May 6, 2015 at 8:30 a.m., and that email contains the language quoted in Paragraph 88 of the Amended Complaint. Warby Parker denies any and all remaining allegations in Paragraph 88.

89.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and thus denies those allegations.

– 11 –

90.     Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and thus denies those allegations.

91.     Denied.

92.     Admitted.

93.     Denied.

94.     Denied.

95.     Warby Parker admits that the email purportedly from Aaron Dallek to Dave Gilboa on May 6, 2015 attached as Exhibit W to the Amended Complaint contains the language quoted in Paragraph 95 of the Amended Complaint. Warby Parker denies any and all remaining allegations in Paragraph 95.

96.     Warby Parker admits that it filed U.S. Patent Application No. 14/732,435 on June 5, 2015. Warby Parker denies any and all remaining allegations in Paragraph 96.

97.     Denied.

98.     Admitted.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Warby Parker admits that the July 28, 2015 email purportedly from Aaron Dallek to Dave Gilboa attached to the Amended Complaint as Exhibit Y stated that "[w]e're happy to find a way to prove to you that our prescription services produces [sic] prescriptions your customers are going to be satisfied with. We just need to do it in a less formal setting that isn't publicly registered which can make us be perceived as an experimental technology, which we are not." Warby Parker denies any and all remaining allegations in Paragraph 102.

– 12 –

103.    Warby Parker admits that the language quoted in Paragraph 103 appears in the email attached as Exhibit Z to the Amended Complaint, except for the last quote.  Warby Parker denies any and all remaining allegations in Paragraph 103.

104.    Denied.

105.    Warby Parker admits that the October 5, 2015 email from Molly Rhodes to Andy Leventhal attached as Exhibit AA to the Amended Complaint contains the language quoted in Paragraph 105. Warby Parker denies any and all remaining allegations in Paragraph 105.

106.    Warby Parker admits that the October 5, 2015 email from Molly Rhodes to Andy Leventhal attached as Exhibit AA to the Amended Complaint states, "I think the key points of importance to us are as follows: You agree to provide Opternative data of sph, cyl and axis, provided by the technology, for a small number of volunteer test participants (<100 people). We are indifferent to the format (automated email, results on screen, etc.) other than ideally having this data quickly after the test is completed so it can be tested with the participant during the same visit." Warby Parker denies any and all remaining allegations in Paragraph 106.

107.    Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and thus denies those allegations.

108.    Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and thus denies those allegations.

109.    Warby Parker admits that the email from Dave Gilboa to Aaron Dallek on October 6, 2015 attached as Exhibit BB to the Amended Complaint contains the language quoted in Paragraph 109. Warby Parker also admits that Opternative agreed to provide access to a testing environment, including certain output from Opternative's system for IRB study participants, to Warby Parker. Warby Parker denies any and all remaining allegations in Paragraph 109.

110.   Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and thus denies those allegations.

111.   Warby Parker states that the allegations in Paragraph 111 contain legal conclusions that require no answer. To the extent that an answer is required, Warby Parker admits that the non-disclosure agreement attached as Exhibit CC to the Amended Complaint contains the language quoted in Paragraph 111. Warby Parker denies any and all remaining allegations in Paragraph 111.

112.   Warby Parker also admits that Opternative agreed to provide access to a testing environment, including certain data output from Opternative's system for IRB study participants, to Warby Parker. Warby Parker denies any and all remaining allegations in Paragraph 112.

113.   Admitted.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Warby Parker admits that it questioned Opternative's mechanism for determining the user's distance from the screen (*i.e.*, by instructing the user to count his or her footsteps). Warby Parker denies any and all remaining allegations in Paragraph 121.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Warby Parker denies that Optenative disclosed the alleged distance detection technology to Dave Gilboa on September 12, 2014.  Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and thus denies those allegations.

127.   Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and thus denies those allegations.

128.   Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and thus denies those allegations.

129.   Warby Parker admits that, during discussions with Optenative, Warby Parker provided feedback and criticism regarding Optenative's "walk-away" distance determination system. Warby Parker denies any and all remaining allegations in Paragraph 129.

130.   Warby Parker admits that, during discussions with Optenative, Warby Parker provided feedback and criticism regarding Optenative's "walk-away" distance determination system. Warby Parker denies any and all remaining allegations in Paragraph 130.

131.   Denied.

132.   Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and thus denies those allegations.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Warby Parker admits that it exchanged emails with Opternative. Warby Parker denies any and all remaining allegations in Paragraph 138.

139.   Warby Parker admits that, on May 23, 2017, it publicly launched a remote vision testing service under the name "Prescription Check." Warby Parker denies any and all remaining allegations in Paragraph 139.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Warby Parker admits that Opternative has demanded delivery and assignment of alleged Derivatives of its Confidential Information, including Prescription Check and the '709 Patent. Warby Parker denies that Prescription Check and the '709 Patent constitute Derivatives, and denies any and all remaining allegations in Paragraph 153.

154.     Warby Parker admits that it has not delivered the alleged Derivatives to Opternative.

Warby Parker denies any and all remaining allegations in Paragraph 154.

## COUNT I: BREACH OF CONTRACT

155.     Warby Parker restates and incorporates by reference its answers to Paragraphs 1 through 154.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

## COUNT II: MISAPPROPRIATION OF TRADE SECRETS UNDER NEW YORK COMMON LAW

162.     Warby Parker restates and incorporates by reference its answers to Paragraphs 1 through 161.

163.     Denied.

164.     Denied.

165.     Denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

170.     Denied.

## COUNT III: MISAPPROPRIATION OF TRADE SECRETS
## UNDER THE FEDERAL DEFEND TRADE SECRETS ACT

171.    Warby Parker restates and incorporates by reference its answers to Paragraphs 1 through 170.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied

176.    Denied.

177.    Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177 and thus denies those allegations.

178.    Denied.

179.    Denied.

## COUNT IV: UNFAIR COMPETITION

180.    Warby Parker restates and incorporates by reference its answers to Paragraphs 1 through 179.

181.    Denied.

182.    Denied.

183.    Denied.

## COUNT V: CORRECTION OF INVENTORSHIP

184.    Warby Parker restates and incorporates by reference its answers to Paragraphs 1 through 183.

185.    Warby Parker admits that the named inventors of the '709 Patent are Joseph Carrafa and Molly Rhodes.  Warby Parker denies any and all remaining allegations in Paragraph 185.

– 18 –

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Warby Parker lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 192 and thus denies those allegations.

193.    Warby Parker admits that it filed a patent application that issued as the '709 Patent, that the '709 Patent identifies Mr. Carrafa and Ms. Rhodes as inventors, and that Warby Parker did not inform Opternative of its application before filing. Warby Parker denies any and all remaining allegations in Paragraph 193.

## COUNT VI: SPECIFIC PERFORMANCE[1]

194.    Warby Parker restates and incorporates by reference its answers to Paragraphs 1 through 193.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Warby Parker admits that the First NDA states that "any breach or threatened breach of this Agreement will cause . . . irreparable harm," and that the Second NDA states that "[a] breach by either party of any of the promises or agreements contained herein, based on

---

[1] This count is mislabeled in the Amended Complaint as "Count VII."

– 19 –

expressed agreement of the parties, will result in irreparable and continuing damage to the other party." Warby Parker denies any and all remaining allegations in Paragraph 199.

200.    Denied.

## DAMAGES AND RELIEF

201.    Denied.

## PRAYER FOR RELIEF

No response to the Prayer for Relief is necessary. To the extent a response is required, Warby Parker denies any allegations contained in the Prayer for Relief and denies that Opternative is entitled to any of the requested relief.

## JURY TRIAL DEMAND

No response to the Jury Trial Demand is necessary.

## AFFIRMATIVE AND OTHER DEFENSES

Warby Parker asserts the following defenses to Plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Warby Parker, such expression does not indicate that Plaintiff is relieved of its burden to prove each and every element of any such claim.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Opternative lacks standing to assert a violation of the First NDA.

### THIRD DEFENSE

Opternative's claims are barred because Warby Parker has not engaged in any unlawful or unfair business practices, and Warby Parker's conduct was licensed, authorized, performed in the exercise of an absolute right, proper, and/or justified.

– 20 –

**FOURTH DEFENSE**

Opternative's claim under the Defend Trade Secrets Act (DTSA) is barred to the extent it is premised on conduct occurring before the DTSA's effective date.

**FIFTH DEFENSE**

Opternative's claims are barred to the extent they are based on agreements, promises, undertakings, representations, or assurances that were superseded or nullified by subsequent agreements, and/or to the extent the claims have been released.

**SIXTH DEFENSE**

Opternative's claims for breach of contract and specific performance are barred and/or limited to the extent the NDAs impose an impermissible restraint on trade, restrict the use of public information, or are otherwise contrary to public policy.

**SEVENTH DEFENSE**

Opternative's claim for breach of contract is barred and/or limited because of Opternative's non-performance under the NDAs.

**EIGHTH DEFENSE**

Opternative's claims are barred and/or limited because some or all of its alleged trade secret and/or confidential information is publicly or generally known or available; is known to, readily ascertainable by, or within the skills and knowledge of, persons of ordinary skill in the relevant field; is easily duplicated without substantial time, effort, or expense; is otherwise not subject to trade secret protection; or is not subject to reasonable measures to maintain its secrecy.

**NINTH DEFENSE**

Opternative's claims are barred and/or limited, including for lack of consideration or failure of consideration, because some or all of the information as to which Opternative claims protection was known by Warby Parker prior to its dealings with Opternative.

– 21 –

### TENTH DEFENSE

Optenative's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches, unclean hands, or other equitable defenses.

### ELEVENTH DEFENSE

Optenative's claims are barred and/or limited because Warby Parker independently developed the '709 Patent and Prescription Check, without the use of any Optenative trade secrets or confidential information.

### TWELFTH DEFENSE

Optenative's claims are barred and/or limited because Warby Parker has not misused or disclosed any of Optenative's trade secrets or confidential information.

### THIRTEENTH DEFENSE

Optenative's trade secret misappropriation and unfair competition claims are barred and/or limited because Warby Parker did not employ improper means and/or use false pretenses to acquire Optenative's alleged confidential and trade secret information and because those claims are premised on the same conduct as Optenative's claims for breach of contract.

### FOURTEENTH DEFENSE

Optenative's inventorship claim is barred because the alleged unnamed inventors did not conceive of the claimed invention of the '709 Patent.

### FIFTEENTH DEFENSE

Optenative's inventorship claim is barred to the extent Optenative lacks corroborating evidence of conception.

### SIXTEENTH DEFENSE

Optenative's joint inventorship claim is barred by the Court's ruling on Optenative's Motion to Amend. (Dkt. 98.)

### SEVENTEENTH DEFENSE

Any use of the allegedly confidential and trade secret information by Warby Parker was made with innocent intent.

### EIGHTEENTH DEFENSE

Opternative cannot show that it is entitled to injunctive relief because there exists an adequate remedy at law and Opternative's claims otherwise fail to meet the requirements of such relief.

### NINETEENTH DEFENSE

Opternative's claims are barred because Opternative has suffered no injury or damages as a result of the matters alleged in the Amended Complaint.

### TWENTIETH DEFENSE

Opternative's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

### TWENTY-FIRST DEFENSE

Opternative is not entitled to any relief, or is entitled to reduced relief, because it has failed to mitigate the alleged damages it claims to have suffered.

### TWENTY-SECOND DEFENSE

Opternative's claims are barred by the Parol Evidence rule and associated principles of law.

### TWENTY-THIRD DEFENSE

Opternative's claims are barred by impermissible vagueness and unenforceability of the contract, promise and/or undertaking it alleges, including the absence of essential material terms.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Warby Parker has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Warby Parker reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

## PRAYER FOR RELIEF

WHEREFORE, having stated its answer and affirmative defenses, Warby Parker prays for relief as follows:

(a) that Opternative takes nothing under the Amended Complaint, and the Amended Complaint be dismissed with prejudice;

(b) that judgment be entered in favor of Warby Parker and against Opternative on each and every cause of action set forth in the Amended Complaint;

(c) that Warby Parker recover its costs of suit and attorneys' fees incurred herein; and

(d) that Warby Parker be granted such other and further relief as the Court deems just and proper.

Date:  Washington, DC
          February 27, 2019

COVINGTON & BURLING LLP

By:  s/ *Peter A. Swanson*
          Peter A. Swanson

Philip A. Irwin
Sarah Mac Dougall
The New York Times Building
620 Eighth Avenue
New York, New York  10018–1405
(212) 841–1000
pirwin@cov.com
smacdougall@cov.com

Richard L. Rainey
Peter A. Swanson
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
rrainey@cov.com
pswanson@cov.com

Ali Mojibi Yazdi
1999 Avenue of the Stars
Los Angeles, CA 90067–4643
(424) 332-4800
amojibi@cov.com

*Attorneys for Defendant*
*JAND, Inc., d/b/a Warby Parker*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a true and correct copy of **WARBY**

**PARKER'S ANSWER TO OPTERNATIVE, INC.'S AMENDED COMPLAINT** on all

counsel of record via the Court's CM/ECF system, on the 27th day of February, 2019:

> Barry F. Irwin, Esq. (birwin@irwinip.com)
> Ifti Zaim, Esq. (izaim@irwinip.com)
> Reid P. Huefner (rhuefner@irwinip.com)
> Manon Leigh Burns (mburns@irwinip.com)

February 27, 2019                                 *s/ Peter A. Swanson*
                                                          Peter A. Swanson